# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEVE M VERASTEGUI, | Case No. 19-cv-04806-BLF |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND** |
| v. | |
| FORD MOTOR COMPANY, et al., | [Re: ECF 16] |
| Defendants. | |

Before the Court is Plaintiff Steve Verastegui's motion to remand for lack of diversity jurisdiction. Mot. to Remand, ECF 16. Verastegui brings this suit against Ford Motor Company and Chino Hills Ford (together, "Defendants") alleging violations of the Song-Beverly Act and negligent repair, respectively. Compl., ECF 1-2. Defendants removed this action from Santa Clara Superior Court on diversity grounds. Not. of Removal, ECF 1. At issue is whether the federal "amount in controversy" requirement has been satisfied. Pursuant to Civil Local Rule 7-1(b), the Court finds that the matter is suitable for disposition without oral argument and VACATES the hearing set on April 2, 2020. For the reasons discussed below, the Court DENIES the motion to remand.

## I. BACKGROUND

On or about August 2009, Verastegui purchased a 2010 Ford Focus (the "Vehicle"). *See* Compl. ¶ 8. The purchase came with three express written warranties: (1) a 3-year/36,000 mile express bumper to bumper warranty, (2) a 5-year/60,000 mile powertrain warranty which, inter

alia, covers the engine and transmission and, (3) an 8-year/100,000 mile hybrid electrical part warranty. *Id.* ¶ 9. The warranties provided that in the event a defect developed with the Vehicle during the warranty period, "Plaintiff could deliver the Vehicle for repair services to Defendant [Ford]'s representatives and the Vehicle would be repaired." *Id.*

During the warranty period, the Vehicle either contained or developed numerous defects that substantially impaired its use, value, or safety. Compl. ¶ 10. For example, the Vehicle contained or developed defects relating to the engine, powertrain control module, throttle body, A/C, and battery, among others. *Id.* Verastegui alleges that "the Defendant and its representative were aware that they were unable to service or repair" the Vehicle to conform to the applicable warranties. *Id.* ¶ 13. At least once, Verastegui brought the Vehicle to Chino Hills Ford for substantial repair. *Id.* ¶ 51. Verastegui alleges that Chino Hills Ford owed Verastegui a duty to use ordinary care and skill to repair the Vehicle, and that Chino Hills Ford breached this duty by failing to properly store, prepare, and repair the Vehicle in accordance with industry standards. *Id.* ¶¶ 51-53.

On July 3, 2019, Verastegui filed a Complaint in Santa Clara County Superior Court against Chino Hills Ford and Ford. *See generally* Compl. Based on the above allegations, Verastegui asserts six causes of action against Ford alone for violating the Song-Berly Consumer Warranty Act and fraud by omission, and one cause of action against Chino Hills Ford for negligent repair. *Id.* ¶¶ 12-54. Verastegui's sole claim against Chino Hills Ford alleges that Chino Hills Ford's negligent breach of its duty proximately caused Verastegui's damages. *Id.* ¶ 54.

On August 14, 2019, Defendants filed a notice of removal on the basis of diversity jurisdiction. *See* Not. of Removal. Verastegui moved to remand this action back to state court on December 16, 2019, claiming that the amount in controversy does not meet the jurisdictional threshold. Mot. to Remand at 1. Defendants oppose the Motion to Remand, arguing that the amount in controversy exceeds $75,000. Opposition to Motion to Remand ("Opp'n.") at 1, ECF 19.

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441(a)).

District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332.  If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).  The Ninth Circuit recognizes a "strong presumption against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The court "resolves all ambiguity in favor of remand."  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   DISCUSSION

The parties do not meaningfully dispute that complete diversity of citizenship among the parties has been established.[1]   The parties agree Ford is a citizen of Delaware and Michigan, and Chino Hills Ford is a citizen of Nevada.  Opp'n at 2; Mot. to Remand at 6.  Plaintiff is a resident of California.  Compl. ¶ 2.  Therefore, the only issue in dispute is whether the amount in controversy is satisfied.

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied

---

[1] Plaintiff rejects Defendants' argument, advanced in the Notice of Removal, that Chino Hills was fraudulently joined because Plaintiff concedes that Chino Hills is a citizen of Nevada and, thus, Chino Hills was not joined to defeat diversity.  Mot. to Remand at 6-7; *see also* Not. of Removal ¶¶ 21-41.  Defendants argue that Plaintiff's residence in California established his citizenship, a notion that Plaintiff never disputed.  Opp'n at 8-9.  In any event, these arguments are irrelevant since neither party challenges diversity of citizenship.

3

unless it appears to a legal certainty that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, . . . we apply a preponderance of the evidence standard." *Id.* Further, when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

The parties' disagreement over the amount in controversy arises primarily from the ambiguity in the Complaint regarding damages. In his Complaint, Plaintiff alleges "damages in an amount that is not less than $25,001.00." Compl. ¶ 11. The Complaint also alleged that "Plaintiff is entitled to a civil penalty of two times Plaintiffs actual damages pursuant to Civil Code section 1794, subdivision (c)." *Id.* ¶ 15. Plaintiff argues that the word "damages" references Plaintiff's total damages, which include both actual damages and civil penalties, and that Defendants have failed to demonstrate that these total damages exceed the jurisdictional threshold of $75,000. Mot. to Remand at 4. Defendant, on the other hand, argues that "Plaintiff has alleged damages of greater than $25,000 <u>and</u> a penalty of twice the amount of damages, or at least $50,000," resulting in an amount exceeding $75,000. Opp'n at 3.

The Court agrees with Defendants' interpretation of the Complaint because Plaintiff's characterization of his claims for damages is contradicted by the Complaint. Plaintiff seeks "the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price." Compl. ¶ 21. The contract price of the vehicle was $36,580. Opp'n. Exh. A, ECF 19-2. "Plaintiff's claim for the full contract price of [his] Vehicle thus resolves any ambiguity regarding damages—the allegation that [he] 'suffered damages in a sum to be proven at trial in an amount not less than $25,001.00' must be interpreted to refer to actual damages exclusive of civil penalties." *Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2019 WL 2866046, at *6 (N.D. Cal. July 3, 2019); *see also* Compl. ¶ 11.

As for civil penalties, Plaintiff seeks "a civil penalty of two times [plaintff's] actual damages" pursuant to Civil Code Section 1794(e)." Compl. ¶ 16. Courts in this district have held

4

that "the civil penalty under the Song-Beverly Act is akin to punitive damages" and may be used as such for the purpose of calculating amount in controversy. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). Further, it is well established that the amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) ("[P]unitive damages may be included in computing amount necessary for federal jurisdiction.").

Defendants argue that "Plaintiff has alleged damages of greater than $25,000 and a penalty of twice the amount of damages, or at least $50,000" resulting in an amount-in-controversy that exceeds $75,000. Plaintiff responds that Defendants "have proffered no evidence whatsoever that Plaintiff is entitled to the maximum civil penalties allowed—or, indeed, any penalties at all[.]" Reply at 2. That Plaintiff now asserts he might recover damages that are less than what he seeks in his Complaint "does not change the fact that his Complaint *put in controversy* far more than that." *Carlos v. Jaguar Land Rover N. Am.*, LLC, No. CV 19-1318-GW(FFMX), 2019 WL 2068465, at *3 (C.D. Cal. May 10, 2019); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)). The Court concludes that Plaintiff has "put in controversy" civil penalties exceeding $50,000.

The Court recognizes that courts in this district have varying views as to whether the maximum civil penalties should be considered when deciding the amount in controversy. *Compare Makol v. Jaguar Land Rover N. Am., LLC*, No. 18-CV-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) ("Simply assuming a civil penalty award is inconsistent with the principle that the defendants must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied.") (citation omitted) *with Neville v. W. Recreational Vehicles, Inc.*, No. C-07-3757MMC, 2007 WL 4197414, at *2 (N.D. Cal. Nov. 21, 2007) ("The Song-Beverly penalty of twice the actual damages therefore pushes the amount in controversy to well over the" statutory

minimum); *Covarrubias*, 2019 WL 2866046, at *6 (adding the maximum recoverable civil penalties to the amount in controversy); *Bernstein v. BMW of N. Am., LLC*, No. 18-CV-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) ("Two times Plaintiff's $25,000 valuation is $50,000 which totals $75,000 exclusive of attorney's fees."). As discussed above, the Court is persuaded by the decisions in which courts have considered the maximum recoverable civil penalties because that is what Plaintiff put in controversy.

Additionally, Plaintiff seeks attorneys' fees pursuant to Civil Code section 1794, subdivision (d). Compl., Prayer at (e). Attorneys' fees may be included in the amount in controversy if, as here, they are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). The Ninth Circuit recently explained that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). Defendants estimate that attorneys' fees "in these type of cases" exceed $50,000. Opp'n at 7, ECF 1-6 ¶ 5. Plaintiff objects to Defendants' estimate. Reply at 4. The Court need not consider Defendants' estimate because once actual damages and civil penalties are added (as well as attorney's fees in any amount), the total amount in controversy exceeds $75,000.

Although Lemon Law cases brought solely under California law are best litigated in state court, Defendants have met their burden of proving, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold. Accordingly, Defendants have established both the diversity and amount-in-controversy prerequisites to invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a).

## IV. ORDER

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.


**IT IS SO ORDERED**

Dated: February 7, 2020

_____
BETH LABSON FREEMAN
United States District Judge